IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:01-cr-0306** |
| | : | **1:03-cr-0038** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **JOHN ARKON** | : | **Judge Sylvia H. Rambo** |

# M E M O R A N D U M

Before the court is John Arkon's motion to correct sentence filed pursuant to 28 U.S.C. § 2255. On September 16, 2016, Arkon filed a *pro se* document seeking to amend his counseled §2255 filing, and this court subsequently indicated that it would consider the amendment after defense counsel was granted permission to withdraw her representation.[1] The government responded to the motion, and Arkon replied. For the reasons set forth below, the motion will be denied.

## I.    Background

Arkon pled guilty to fourteen counts of bank robbery, in violation of 18 U.S.C.§ 2113(a), and one count of using and carrying a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Case No. 1:03-cr-306.) He also pled guilty to four counts of armed bank robbery in violation of 18 U.S.C. § 2113(d). (Case No. 1:03-cr-038.)

---

[1] The request to withdraw as counsel was based on Arkon's amendment which was contrary to counsel's position as to the basis for granting the § 2255 motion.

## II. Discussion

Arkon's motion is based on the holding of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the "residual clause" contained in the definition of a "crime of violence" in the Armed Career Criminal Act ("ACCA").

Arkon argues that his sentence on 18 U.S.C. § 924(c) violated due process because the residual clause in the definition of crime of violence in 18 U.S.C. § 924(c)(3)(B) is the same as the residual clause under the ACCA. He argues that bank robbery by intimidation does not involve the "use, attempted use, or threatened use of physical force" to fall under the definition of a crime of violence in § 924(c)(3)(A). (Doc. 30, pp. 7-10.)

Arkon's argument that bank robbery by intimidation does not include the "use, attempted use, or threatened use of physical force" has been rejected by other circuits. (*See* Doc. 25, p. 5 (citing cases).) This argument has also been rejected by judges within the Middle District of Pennsylvania. *See United States v. King*, 2016 WL 1271387 (M.D. Pa. April 1, 2016); *United States v. Williams*, 2016 WL 7104297 (M.D. Pa. Dec. 6, 2016).

In all counts to which Arkon pled, he possessed a gun. He either held it at his side or pointed it directly at people in the bank. He admitted that one of the guns used was a .40 caliber Smith and Wesson. (PSR ¶ 60.) He also admitted that,

at another time, he used a .25 caliber gun. (PSR ¶ 62.) When asked by agents whether any of the guns he used were loaded, he replied: "What good is a gun that is not loaded?" (PSR ¶ 63.)[2]

Intimidation by its definition is to make fearful or coerce by frightening. The use of a gun constitutes the knowing use, attempted use, or threatened use of physical force under 18 U.S.C. § 924(c)(1)(A).

The motion will be denied.

_s/Sylvia H. Rambo_____
SYLVIA H. RAMBO
United States District Judge

Dated: May 10, 2017

---

[2] No objections were made to the PSR that affected any of the cited paragraphs.